UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DONALD LEWIS GILBERT,                )
                                     )
    Plaintiff,                       )
                                     )
v.                                   )   1:11-cv-00207-DBH
                                     )
ROBERT PEASE, et al.,                )
                                     )
    Defendants                       )

# RECOMMENDED DECISION
## ON MOTION FOR PRELIMINARY INJUNCTION (Doc. No. 5) and MOTION TO DISMISS (Doc. No. 10)

Donald Gilbert, a prisoner at the Maine State Prison, has brought a complaint alleging that the defendants violated his civil rights because Robert Pease (his job supervisor) wrongfully terminated Gilbert from his prison job as a "counsel substitute." The other defendants are alleged to have learned about the wrongful termination through the prison grievance process and then failed to take any action to remedy the problem. According to the defendants, a "counsel substitute is . . . a prisoner approved by the Chief Administrative Officer who voluntarily assists [another] prisoner in preparing and presenting his/her defense at a disciplinary hearing."[1] Gilbert has filed a motion for preliminary injunction, asking this court to order his reinstatement as a prisoner counsel substitute pending final resolution of this case. The defendants oppose the motion and have moved to dismiss the entire complaint for failure to state a claim. I now recommend that the Court dismiss as moot Gilbert's motion for preliminary injunctive relief and grant the defendants' motion to dismiss.

---

[1]     (Mot. Dismiss at 1 & n.1)(quoting 1A CMR 03 201 010-25 § 20.1(VI)(B)(9)(e)(2006)). I was unable to locate the referenced document but doing so is not material to the resolution of this dispositive motion.

**Complaint Allegations**

In the latter part of November 2010, Gilbert received an "informal" disciplinary citation from an Officer Waltz. (Compl. ¶ 1, Doc. No.1.) The following morning Captain Pease informed Gilbert that he was being terminated from his prison job as a "counsel substitute" because of the informal sanction. Gilbert remonstrated with the captain, referring him to the Maine Department of Corrections (MDOC) Policy 20.1, VI, which provides that a rule violation which is informally resolved does not constitute a disciplinary violation for purposes of determining eligibility for a furlough or for any other program, including a work program. Pease told Gilbert he had fifteen days to find another job. (Id. ¶ 2.) On December 7, 2010, Gilbert filed a timely appeal of the job termination claiming a due process violation. Defendant Barnhart was mailed a copy of the appeal on the same day. (Id. ¶ 4.) After receiving an ambiguous response Gilbert filed a further grievance with Captain Scott Drake, but Drake denied the grievance, concluding that "Captain Pease's decision was reasonable." (Id. ¶¶ 5-7.) At the next level Warden Barnhart likewise denied his grievance, followed by a Level 3 denial by Commissioner Ponte. (Id. ¶¶ 8- 11.) Gilbert was told by the commissioner to resubmit his job appeal to unit manager Russell Worcester. (Id.) Worcester again denied Gilbert's request for reinstatement and Gilbert, in turn, resubmitted his appeal to Commissioner Ponte, but the commissioner once more failed to take any corrective action. (Id. ¶¶ 13-14.) Throughout his complaint Gilbert makes it clear that each correctional official was made aware of the fact that Gilbert was asserting a due process violation under the United States Constitution.

**Discussion**

Gilbert's federal claim is grounded upon his assertion that each of these defendants, through his or her personal involvement in this series of events, denied plaintiff due process of

law under the United States Constitution. (Id. ¶ 4.) Gilbert's complaint is well drafted and he makes it clear that he informed each defendant in turn that he was asserting that they were denying his due process rights under the United States Constitution. This claim does not raise any implications of deliberate indifference, intentional discrimination, or any other subjective state of mind relevant to a § 1983 cause of action against the named defendants. Gilbert is not alleging, for instance, that he was terminated from his position in retaliation for exercising his First Amendment rights. See, e.g., Newson v. Norris, 888 F.2d 371,374 (6th Cir. 1989) (recognizing that there is no constitutionally cognizable property interest in a prison job as an inmate advisor, but affirming a preliminary injunction calling for reinstatement based upon the allegations of First Amendment retaliation). Gilbert's complaint is clear. He was terminated because of some disciplinary fracas which was informally resolved. His point is that because the disciplinary fracas was informally resolved, the prison regulations required that he remain in his prison job.[2]

The defendants begin their discussion by obliquely referring to other regulations promulgated by the MDOC and the interrelationship between the regulation cited in the complaint and those other regulations. Their basic contention is that Gilbert's termination was in accordance with existing regulations. Nevertheless, defendants apparently recognize that for purposes of the motion to dismiss the court must accept as true the allegations in the complaint which state that the termination was in violation of existing MDOC policies.[3] (Mot. Dismiss at

---

[2] The defendants say the misconduct involved having betting slips in his property and that Gilbert had to admit to the conduct in order to obtain the informal resolution. (Mot. Dismiss at 4 n. 5, Doc. No. 10.) Gilbert adamantly denies that he had betting slips. (Pl's Resp. at 4, ¶ 15, Doc. No. 12.) This dispute is not relevant in terms of resolution of this motion to dismiss because defendants' position is that they could terminate Gilbert from his job for any reason, or no reason, and if they did so in violation of departmental policy, there still was no constitutional violation. I have analyzed this case from that perspective.

[3] If Gilbert is relying on an alleged violation of departmental policy, a rule of state procedural law does not by itself create a constitutional right in a 42 U.S.C. § 1983 action claiming a deprivation of federal constitutional rights. See McGuinness v. Dubois, 75 F.3d 794, 799 (1st Cir.1996) ("To the extent that the prison officials

2, Doc. No. 10.)  The defendants rely upon Sandin v. Conner, 515 U.S. 472 (1995) and its progeny to support the proposition that due process constitutional rights are not implicated by the removal of a prisoner from a prison job.

Under the threshold requirements set forth in the Sandin decision, this court is required to determine whether removal from a prison job as substitute counsel constitutes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." 515 U.S. at 486. Looking to First Circuit precedent, it becomes clear that removal of a prisoner from a prison job is not a circumstance which gives rise to an interest protected by the due process clause of the United States Constitution. See Dominique v. Weld, 73 F.3d 1156, 1158, n. 4 (1st Cir. 1996) (recognizing that removal from work release program did not violate a constitutionally derived liberty interest and noting that actual parole where an inmate is allowed to exist conditionally in the general society on a full-time basis was more likely to implicate a liberty interest).  If participation in a work release program outside the institution does not implicate a liberty interest under the due process clause, it stands to reason that working in a particular prison job does not implicate a property interest under applicable constitutional standards.

Because Gilbert has failed to plead a constitutional violation, the federal civil rights complaint must be dismissed.  While I can acknowledge Gilbert's apparent frustration with what he perceives as an arbitrary violation of the MDOC policies and procedures, his remedy, if any, was to pursue and exhaust his state law claims under Rule 80C of the Maine Rules of Civil Procedure as explained by the Fleming cases set forth in the third footnote.  As this complaint

---

arbitrarily violated their own state law regulations, it would appear that [the prisoner] could have pursued state judicial review.") (citing Sandin v. Conner, 515 U.S. 472, 487 n. 11 (1995)). Gilbert could have brought a petition for judicial review of final agency action under Maine Rule of Civil Procedure 80C.  See Fleming v. Dept. Corr., 2006 ME 23, 892 A.2d 1161 (2006) and Fleming v. Comm'r Dept. of Corr., 2002 ME 74, 795 A.2d 692 (2002).

must be dismissed because it does not state a federal claim, I believe the motion for preliminary injunction is moot.

## Conclusion

Based upon the foregoing, I recommend that the Court grant the defendants' motion to dismiss and dismiss as moot the plaintiff's motion for preliminary injunction.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

September 7, 2011.